IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE MURPHY, SR.,<br><br>    Plaintiff,<br><br>  v.<br><br>JUDGE ROBERT B. FREEDMAN, et al.,<br><br>    Defendants                            / | No. C-14-0906 MMC<br><br>**ORDER DISMISSING COMPLAINT; AFFORDING PLAINTIFF LEAVE TO AMEND; GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS** |

    Before the Court is plaintiff's "Petition for Writ of Certiorari" and "Application to Proceed in Forma Pauperis, both filed February 28, 2014.[1]  Having read and considered plaintiff's submissions, the Court rules as follows.

    As it appears from plaintiff's application that he lacks funds to pay the filing fee, plaintiff's application to proceed in forma pauperis is hereby GRANTED.

    Where, as here, a party proceeds in forma pauperis, the district court must dismiss the complaint if the court determines the plaintiff has failed to state a claim upon which relief can be granted.  See 28 U.S.C. § 1915(e)(2)(B)(ii).  To state a claim upon which relief can be granted, the plaintiff must allege "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  See Ashcroft

---

[1] On March 25, 2014, the above-titled action was reassigned to the undersigned.

v. Iqbal, 556 U.S. 662, 678 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

Here, plaintiff's complaint, denominated a "petition," consists of broadly stated legal conclusions (see, e.g., Pet. at 2:24-28 (alleging defendants have deprived plaintiff of his "right, privilege, immunity, and protections named in the Constitution and secured by law")), and statements of general legal principles (see, e.g., Pet. at 2:13-14 (alleging state cannot "deny any person, under its government, equal protection of the law")).  Noticeably absent from the complaint are facts that would support a claim that any of the numerous defendants named therein are liable to plaintiff for any misconduct.[2]  The sole factual allegations in the complaint – that plaintiff, in 2004, "received a stay away ordered [sic]" and that he is "bound to that stay away order" (see Pet. at 3) – are insufficient to state a claim.

According, plaintiff's complaint is hereby DISMISSED for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court will afford plaintiff leave to file an amended complaint to cure the deficiencies identified above, specifically, for plaintiff to allege sufficient facts to support a claim for relief against one or more of the defendants named therein.  Any such amended complaint must be filed no later than April 18, 2014.

**IT IS SO ORDERED.**

Dated: March 27, 2014

MAXINE M. CHESNEY
United States District Judge

---

[2] The named defendants include state court judges, lawyers, and law firms.